**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER GONZALES SALAZAR, | ) | CASE NO. 4:25-CV-02526 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE AMANDA M. KNAPP |
| | ) | |
| KEVIN RAYCRAFT, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | ) | |

## I. INTRODUCTION

On November 19, 2025, Petitioner Walter Gonzales filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking either immediate release from the custody of Immigration Customs and Enforcement ("ICE") or a bond hearing before the Immigration Judge. (ECF No. 1). On January 8, 2026, the Court referred this matter for preparation of a report and recommendation ("R&R"). (Order [non-document] dated Jan. 8, 2026). Respondents filed their response to the petition and a motion to dismiss on January 14, 2026. (ECF No. 10). On January 23, 2026, Petitioner filed his reply in support of the petition and opposition to the motion to dismiss. (ECF No. 13). On February 25, 2026, and per order of the Magistrate Judge (Order [non-document] dated Feb. 18, 2026), Respondents filed a supplement to their response to the petition and motion to dismiss. (ECF No. 15).

On May 15, 2026, Magistrate Judge Amanda Knapp issued an R&R recommending that the Court deny the motion, grant the petition, and immediately release Petitioner from custody. (ECF No. 16). Respondents objected to the R&R, restating the arguments they made to the Magistrate Judge. (ECF No. 17). Petitioner responded to Respondents' objections and urged the Court to adopt the R&R. (ECF No. 18).

Thereafter, Petitioner filed an Emergency Motion for Immediate Release Pending Adjudication of Respondents' Objections to the Report and Recommendation, or in the Alternative, to Expedite the Court's Ruling. (ECF No. 19). The Court **ADOPTS** the portions of the R&R titled Procedural History and Factual Background. (ECF No. 16, PageID #109–12). Because the Court **ADOPTS** the R&R in full for the reasons that follow, Petitioner's emergency motion is **DENIED AS MOOT**.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within 14 days after service. Under the Federal Magistrates Act, a district court must conduct a de novo review of those portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When reviewing a report and recommendation de novo, this Court must review at least the evidence that was before the Magistrate Judge. *Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 621 (E.D. Mich. 2022), *aff'd*, No. 22–1293, 2022 WL 17348838 (6th Cir. 2022). This Court may then accept, reject, or modify, in whole or in part, the findings, or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

General objections, and those which merely restate arguments previously presented, do not require review by the district court. *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Mere disagreement with the Magistrate Judge's conclusions without identifying specific legal error is also insufficient. *Tucker v. Perry*, No. 1:21–cv–00073, 2023 WL 5022668, at *1 (M.D. Tenn. Aug. 7, 2023). A specific objection "explain[s] and cite[s] specific portions of the report," thus alerting the court to the Magistrate Judge's exact alleged errors. *Latrice D. v. Comm'r of Soc. Sec.*, No. 3:22-CV-115-RGJ, 2023 WL 2429494, at *2 (W.D. Ky. Mar. 9, 2023) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)) (alterations in original). A non-specific or repetitive

objection "results in a duplication of effort on the district court's part" and wastes judicial resources, "[running] contrary to the purpose of the Magistrates Act." *Rincon v. Comm'r of Soc. Sec.*, No. 14-CV-12098, 2016 WL 922945, at *1 (E.D. Mich. Mar. 11, 2016) (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). For the same reason, a party's objection to an R&R cannot raise new arguments that the Magistrate Judge did not have the opportunity to consider. *United States v. Walters*, 158 F.3d 933, 936 (6th Cir. 1998). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. DISCUSSION

Respondents object to the Magistrate Judge's conclusion that Respondents deprived Petitioner of his due process rights when they detained him without following the notice and hearing requirements set forth in 8 C.F.R. § 241(l)(1). (ECF No 17). Respondents do not address any particular error within the Magistrate Judge's conclusions; instead, they reiterate the arguments already raised and already addressed by the R&R. (ECF No. 16, PageID #119–26). This is a non-specific and repetitive objection for which this Court will not afford de novo review.

Respondents also assert a new argument in support of their position that § 241(l)(2), rather than § 241(l)(1), governs the procedures necessary to afford Petition due process. (ECF No. 17, PageID #130). Respondents claim that application of the statutory canon of construction, *expressio unius est exclusio alterius*, compels their reading of §§ 241(l) and (2); but this argument was not raised before the Magistrate Judge. It does not attack any particular part of the R&R, nor do Respondents explain why they make this argument for the first time to this Court. Since this is a new argument, and since Respondents did not make this argument to the Magistrate Judge, the Court declines to review it.

Finally, Respondents argue that Petitioner's removal was reasonably foreseeable and thus he is lawfully detained under 8 U.S.C. § 1231. (ECF No. 17, PageID #132–33). Petitioner responds to this objection as follows:

> This objection is aimed at a holding the R&R does not contain. The Magistrate judge did not conclude that Petitioner's removal is not reasonably foreseeable, did not apply the *Zadvydas* framework for indefinite-detention challenges, and did not recommend release on any duration-based ground. She recommended release because Respondents violated their own regulations and Petitioner's procedural due process rights when they revoked his [Order of Supervision].

(ECF No. 18, PageID #135) (clarification added). Petitioner's reading of Respondents' objection and the R&R is correct. As Petitioner points out, the Magistrate Judge did not consider the merits of Respondents argument because Petitioner challenges "the sufficiency of the process by which he was detained, not the length or fact of his detention." (ECF No. 16, PageID #120 n.3).

The R&R also draws no legal conclusions regarding the propriety of Petitioner's detention under § 1231. It states:

> Respondents' failure to follow the requirements of 8 C.F.R. § 241(l)(1) when revoking [Petitioner's Order of Supervision] deprived him of due process of law under the Fifth Amendment as alleged in Counts 2 and 7 of the Petition. Like other courts, the undersigned further concludes that the appropriate remedy is to order Petitioner's release from his illegal detention.

(ECF No. 16, PageID #126). Since Respondent's argument finds no footing in the R&R, the Court will disregard it. Absent a proper objection to the R&R, the Court hereby **ADOPTS** the same in full.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R (ECF No. 16) in its entirety. Respondents' motion to dismiss (ECF No. 10) is **DENIED**. The Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. It is hereby **ORDERED**, **ADJUDGED**, **and**

**DECREED** that Petition shall be released from custody immediately, subject to his preexisting Order of Supervision. Petitioner's Emergency Motion for Immediate Release Pending Adjudication of Respondents' Objections to the Report and Recommendation, or in the Alternative, to Expedite the Court's Ruling (ECF No. 19) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**Date: August 19, 2026**

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**